# CHARLESTON.

INDIANA & OHIO, LIVE STOCK INSURANCE CO. *v.* BOWMAN.

Submitted June 13, 1912. Decided September 23, 1913.

1. JUDGMENT—*Verdict—Judgment Non Obstante Veredicto.*
   The plaintiff in an action, claiming more than the defendant admits to be due from him and having a verdict for the amount so admitted, is not entitled to a judgment *non obstante veredicto* for a sum larger than the verdict, when sufficient pleadings have put in issue his right to have more than the sum so admitted. (p. 705).

2. PRINCIPAL AND AGENT—*Appeal and Error—Action by Principal—Evidence.*
   Acquiescence by an agent in statements of the account between them rendered by his principal, and his failure to object to the same in any manner, supplemented by evidence showing the relation of principal and agent and a course of business between them, are sufficient evidence of liability, in the absence of opposing evidence, to call for a verdict against him, and the verdict of the jury ignoring such evidence should be set aside. (p. 705).

Error to Circuit Court, Barbour County.

Action by the Indiana & Ohio Live Stock Insurance Company against Thomas B. Bowman. Judgment for plaintiff for less than claimed, and it brings error.

*Reversed and Remanded.*

*Blue & Dayton,* for plaintiff in error.

*W. T. George,* for defendant in error.

POFFENBARGER, PRESIDENT:

The overruling of a motion to set aside the verdict and to render judgment notwithstanding the verdict are the principal matters of complaint on this writ of error. The action is in assumpsit, the declaration claiming $2,000.00, and contains only the common counts. The bill of particulars filed with it amounts to $1,493.02. To get rid of the office judgment, the defendant filed an affidavit, admitting indebtedness in the sum of $300.00, and denying indebtedness in any larger amount. He also entered a plea of non-assumpsit and one of sets-off, claiming credits by way of set-off, amounting to $1,184.65. Issue having been joined on these pleadings, the case went to the jury upon the oral testimony of the assistant secretary of the plaintiff company and documentary evidence in the form of letters, statements and the books of the company. The verdict was for $300.00, the amount admitted by the defendant, and the court refused to set aside the verdict and also to enter judgment *non obstante veredicto.*

As the plea of non-assumpsit was sufficient in substance and form and went to the whole demand set up in the declaration, and sets-off, going to a large portion thereof, were sufficiently pleaded, and issues were taken on these pleas, the court properly refused to render judgment notwithstanding the verdict. To sustain this conclusion, it suffices to refer to the authorities, without any discussion of the principles involved. *Mason* v. *Bridge Co.,* 28 W. Va. 639; *Boyles* v. *Overby,* 11 Gratt. 202; *Beale* v. *Justices,* 10 Gratt. 278; 11 Enc. Pl. & Pr. 912, *et seq.;* Bouv. L. Dic., title *non obstante veredicto.*

But the court should have set aside the verdict. Offering no

testimony whatever, the defendant contented himself with cross-examination of plaintiff's witness who admitted credits amounting to about $1,710.00. These credits, however, had all been allowed by the plaintiff in the statements rendered to the defendant, showing balances amounting to about $1,478.24, exclusive of interest. About $800.00 of it was credited on the account for the year 1908, leaving a balance of $520.00, and the remaining items were all credited to the account for the year 1909, showing a balance of $968.74. These statements were rendered a considerable period of time before the action was brought and the defendant made no objection whatever to them. This evidence of his acquiescence in the claims made against him was supplemented by the testimony of the witness and plaintiff's own letters put in evidence, showing the relation of principal and agent subsisting between the parties. The testimony also indicates an established course of business between them as principal and agent. The defendant was an insurance agent, having charge of a large territory and employing sub-agents. When applications for policies were made, the policies were sent to the defendant or his sub-agent and he was charged with the premiums. Policies not accepted by the applicants were returned by the agent and the premiums thereon credited as not having been collected and as being uncollectible. There was no proof of the exact and full terms of the contract between them nor of the actual collection of money, but the oral testimony and letters show the relation of principal and agent and indicate a course of business. These important elements or circumstances having been thus shown, the failure of the defendant to make any objection to the statements is evidence of an admission on his part of the correctness thereof. This evidence is not opposed nor rebutted in any manner whatever and was utterly ignored by the jury. It made a *prima facie* case and called for a verdict in the absence of opposing evidence. *Harmon & Crockett* v. *Maddy Bros.,* 57 W. Va. 66; *Ruffner* v. *Hewitt,* 7 W. Va. 585; 1 Greenleaf Ev., sec. 209; *Chapman* v. *Liverpool &c. Co.,* 57 W. Va. 395; *Shrewsbury* v. *Tufts,* 41 W. Va. 212.

In our opinion, the evidence entitled the plaintiffs to a verdict for much more than the $300.00 admitted by the defendant

to be due, and the court erred in refusing to set aside the verdict. Hence, we will reverse the judgment, set aside the verdict and remand the case for a new trial.

*Reversed and Remanded.*